IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHEN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| TAMARA L. HAZLEY,<br>    Plaintiff | ) | |
| | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE |
| | ) | NO.: |
| | ) | |
| UNITED PARCEL SERVICE, INC., | ) | |
| | ) | |
|     Defendant. | ) | |

## VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW PLAINTIFF, Tamara L. Hazley, hereinafter "Hazley" by and through her undersigned counsel and files this Verified Complaint and Demand for Jury Trial against Defendant, UNITED PARCEL SERVICE, INC., hereinafter "Defendant or UPS" and states in support thereof:

## NATURE OF THE CLAIMS

1.

This is an action for declaratory, injunctive and equitable relief, as well as monetary damages and back wages, to redress Defendant's breach of contract; negligent retention and supervision; unlawful employment practices, failure to promote and retaliation against Hazley, including Defendant's unlawful discrimination, harassment, failure to promote and retaliation against Hazley because of her race/color and because of her repeated complaints about such unlawful harassment and retaliation in violation of Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. §1981 ("Section 1981"); Title VII of the Civil Rights Act

of 1964, as amended, 42 U.S.C. §§2000e et seq. ("Title VII");  and O.C.G.A. §34-7-20.

2.

Over the course of Hazley's seven year employment history with UPS, Defendant repeatedly subjected Hazley to unlawful discrimination and harassment because of her race/color and to unlawful retaliation.  Defendant also breached its National Master and Supplemental Agreement with Hazley.  Hazley has continuously complained about the discriminatory and harassing misconduct at UPS and has been subjected to unlawful retaliation designed to punish her for making her complaints to the Union.

3.

Defendant's conduct was knowing, malicious, willful and wanton and/or showed a reckless disregard for Hazley, which has caused and continues to cause Plaintiff to suffer substantial economic and non-economic damages, permanent harm to her professional and personal reputation and severe mental anguish and emotional stress.

## JURISDICTION AND VENUE

4.

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§1331 and 1343, as this action involves federal questions regarding the deprivation of Plaintiff's civil rights under Title VII, Section 1981.  Supplemental jurisdiction over all other claims is pursuant to the Federal Rules of Procedure.

5.

Venue is proper in in this district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein, occurred in this district.

**PARTIES**

6.

Plaintiff, Tamara L. Hazley, is an African-American female. Hazley became employed by Defendant, UPS, on March 27, 2006 on the preload shift in Roswell, Georgia as a Package Handler and Air Driver. At all times relevant, Hazley met the definition of an "employee" under all applicable statutes.

7.

Defendant, United Parcel Service, Inc., is a corporation authorized to conduct business in the State of Georgia with its corporate office in Norcross, GA. At all times relevant, Defendant owned, operated and maintained the UPS Roswell Hub located at 1300 Old Ellis Road, Roswell, GA 30076. At all relevant times, Defendant met the definition of an "employer" under all applicable statutes.

**GENERAL FACTUAL ALLEGATIONS**

8.

Hazley became employed with Defendant on March 27, 2006 and continues to be employed.

9.

In January 2010, Hazley was transferred to the reload shift under the supervision of Beth Cutter, hereinafter "Cutter."

10.

Cutter began to discriminate against Hazley on the basis of her color by speaking to her in a rude manner in front of other employees and behaving unprofessionally. Cutter also continuously ignored Hazley as if she was not there whenever Hazley would ask her questions.

11.

Cutter also abused her position of power by sending Hazley home from work every day for two weeks to demoralize Hazley and treat her different from other employees that were similarly situated.

12.

Thereafter, Hazley trained to move to another position on the Bullfrog[1]. Although Cutter allowed Hazley to train for the position, when it came available Cutter did not allow Hazley to have the position but gave the position to Thilia Boyer who had a lesser seniority date than Hazley.

13.

Hazley finally filed a grievance with the Union about Cutter's discriminatory and demoralizing behavior toward her and the failure to promote her according to the National Master United Parcel Service Agreement  and the United Parcel Service Supplemental Agreement.

---

[1] An elevated platform workers stand on to place smaller packages on a moving belt to sort.

14.

Cutter then continued to single out Hazley, belittle her and yell at her in front of other employees and attempted to arbitrarily discipline her for "not moving fast enough while unloading the package cars."

15.

Cutter identified Hazley as a "problem employee" to Jeremy Tatum, hereinafter "Tatum", Center Manager because she filed grievances in the past regarding Cutter and Tatum has continued the discrimination and retaliation against Hazley.

16.

Tatum has refused to promote Hazley to a full-time Cover Driver position since 2011.

17.

Hazley successfully completed all qualifications required to start Cover Driver training on September 30, 2011.

18.

All other persons similarly situated to Hazley that completed requirements to start cover Driving began immediately, except Hazley who was the only African-American female at that time.

19.

Hazley had seniority to all other persons in her class but Tatum failed to promote her to a Cover Driver position.

20.

Hazley expressed her desire to begin cover driving to Tatum and was told by Tatum to "wait her turn."

21.

Hazley continued to ask Tatum to allow her to begin her 30 day training to cover drive just as he did for all of the other white, predominantly male counter parts to no avail.

22.

Tatum continued to refuse the requests of Hazley to be promoted to cover driver as her white counterparts and Tatum lied to Hazley that the others were not cover drivers but driver helpers.

23.

On January 5, 2012, Hazley began filing multiple grievances for being denied a fair opportunity to advance and train to work as a cover driver.

24.

UPS management continued to ignore Hazley's seniority date and began to make up reasons regarding why she was continuously skipped over for consideration.

25.

All of Hazley's white male co-workers have less senority than she does but were promoted to cover driver and other positions before Hazley including but not limited to: Daniel Partyka, Brian Pence, Jonathan Elder, Kelly Reick, William Allman and Jason Frasure.

26.

This was Hazley's second time taking the class due to being disqualified immediately when she took the class in 2008.

27.

Hazley was the only female to take the cover driver training class in 2011 but was not treated like her male counter parts.

28.

Hazely was not permitted to participate in Cover Driving training until Hazely complained to the Union.

29.

Cover Driver training should be 30 days of consistent and continuous driving and training, Monday through Friday for six weeks until the 30 days are complete.

30.

After Hazely complained to the Union, Tatum continued to discriminate and retaliate against Hazley and refused to allow Hazley to train continuously and consistently like those similarly situated.

31.

During Tatum's inconsistent Cover Driver training, Tatum advised Hazley to "bow out gracefully now." Tatum also told Hazley that "it's not a good look to get the Union rep every time I want to speak to you."

32.

Hazley had been working toward getting a Cover Driver position for six years and told Tatum that she would not give up easily despite all of the things that he was doing to make it harder for her.

33.

On July 6, 2012 Tatum was transferred to the Marietta Center on the other side of the building and Hazley had a new supervisor named Eric Frederickson, hereinafter "Frederickson."

34.

Per a statement made by Frederickson in front of Hazley and others, Tatum instructed Frederickson to disqualify Hazley from becoming a cover driver for various reasons that are never used to disqualify a driver.

35.

Frederickson extended Hazley's training by another 10 days, however, this was cut to 5 days after Hazley went and told Matthew Higdon, the Union representative.

36.

At that time, Hazley had not had an accident, customer complaints or late air[2].

37.

On July 29, 2013 someone removed the gas cap from Hazley's truck to disqualify her but fortunately she discovered this potentially fatal problem before she left the building.

---

[2] When packages are not delivered by the 10:30 am deadline.

38.

Subsequently, Hazley was disqualified as a Cover Driver by Frederickson based on the last 5 days of her performance in training for minor things that others are never disqualified for despite having received 9.5 on the last 3 days of her training.

39.

Upon information and belief, during Hazley's seven years of employment with UPS, no African-Americans have been promoted to cover driver under the management and supervision of Jeremy Tatum.

40.

Upon information and belief, under Frederickson's management only 1 or 2 African-American employees have been promoted and only since Hazley filed a complaint with EEOC.

## Causes of Action

### First Cause of Action

### Discrimination and Harassment in Violation of Section 1981

41.

Hazley hereby incorporates and realleges each and every allegation in paragraphs 1 through 40, inclusive as if fully set forth herein.

42.

Defendant has discriminated against Hazley on the basis of her race/color (African-American) in violation of Section 1981 by denying her the same terms and conditions of employment available to employees who are not African-American,

including but not limited to, subjecting her to disparate working conditions and denying her the opportunity to work in an employment setting free of unlawful harassment.

43.

Defendant has discriminated against Hazley on the basis of her race/color in violation of Section 1981 by creating, fostering, accepting, ratifying and/or otherwise failing to prevent or to remedy a hostile work environment that included, among other things, severe and pervasive harassment of Hazley because of her race/color.

44.

As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of Section 1981, Hazley has suffered and continues to suffer severe emotional and mental anguish, including but not limited to embarrassment, humiliation, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

45.

Defendant's unlawful and discriminatory conduct in violation of Section 1981 was outrageous and malicious, was intended to injure Hazley, and was done with conscious disregard of Hazley's civil rights, entitling Hazley to an award of punitive damages.

## Second Cause of Action

## Retaliation in Violation of Section 1981

### 46.

Hazley hereby incorporates and realleges each and every allegation in paragraphs 1 through 45, inclusive as if fully set forth herein.

### 47.

Defendant has retaliated against Plaintiff in violation of Section 1981 for opposing and/or complaining of Defendant's discriminatory practices against herself by, inter alia, subjecting Hazley to acts of discrimination, harassment and humiliation, refusing to promote Hazley, making her perform more tasks than required of others for the same position, coercing other supervisors to retaliate against Hazley.

### 48.

As a direct and proximate result of Defendant's unlawful and retaliatory conduct in violation of Section 1981, Hazley has suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to humiliation, embarrassment, stress and anxiety, loss of esteem and self confidence, emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

### 49.

Defendant's unlawful and retaliatory conduct in violation of Section 1981 was outrageous and malicious, was intended to injure Hazley, and was done with conscious disregard of Hazley's civil rights, entitling Hazley to an award of punitive damages.

## Third Cause of Action

## Discrimination and Harassment in Violation of Title VII

### 50.

Hazley hereby incorporates and realleges each and every allegation in paragraphs 1 through 50, inclusive as if fully set forth herein.

### 51.

Hazley is an African-American female and a member of a protected class as a result.

### 52.

Hazley did not violate work rules for which she was punished.  Hazley engaged union representatives for assistance as allowed in the United Parcel Service Agreement and United Parcel Service Supplemental Agreements, hereinafter collectively "the Agreements."

### 53.

Hazley also was more severely punished by management in her cover driver training evaluation, process and disqualification, than those outside the protected class and who engaged in similar conduct.

54.

Defendant has discriminated against Hazley on the basis of her race/color (African-American) in violation of Title VII by denying Hazley the same terms and conditions of employment available to employees who are not African-American, including but not limited to, subjecting her to disparate working conditions and denying her the opportunity to work in an employment setting free of unlawful harassment.

55.

Defendant has discriminated against Hazley on the basis of her race/color in violation of Title VII by creating, fostering, accepting, ratifying and/or otherwise failing to prevent or to remedy a hostile work environment that included, among other things, severe and pervasive harassment of Hazley because of her race/color.

56.

As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of Title VII, Hazley has suffered and continues to suffer severe emotional and mental anguish, including but not limited to embarrassment, humiliation, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

57.

Defendant's unlawful and discriminatory conduct in violation of Title VII was outrageous and malicious, was intended to injure Hazley, and was done with conscious disregard of Hazley's civil rights, entitling Hazley to an award of punitive damages.

## Fourth Cause of Action

### Retaliation in Violation of Title VII

58.

Hazley hereby incorporates and realleges each and every allegation in paragraphs 1 through 58, inclusive, as if fully set forth herein.

59.

Defendant has retaliated against Hazley in violation of Title VII for opposing and/or complaining of Defendant's discriminatory practices against herself by, inter alia, subjecting Hazley to acts of discrimination, harassment and humiliation, failing to promote Hazley and keeping her in a subordinate position although excelling at training, coercing other supervisors to demean Hazley in front of other employees and continuous degradation.

60.

As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of Title VII, Hazley has suffered and continues to suffer severe emotional and mental anguish, including but not limited to embarrassment, humiliation, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

61.

Defendant's unlawful and discriminatory conduct in violation of Title VII was outrageous and malicious, was intended to injure Hazley, and was done with

conscious disregard of Hazley's civil rights, entitling Hazley to an award of punitive damages.

## Fifth Cause of Action

## Breach of Contract

### 62.

Hazley hereby incorporates and realleges each and every allegation in paragraphs 1 through 62, inclusive, as if fully set forth herein.

### 63.

UPS has entered into an agreement with Hazley by and through the National Master and Supplemental Agreement.

### 64.

Said agreement outlines certain promises and binding agreements between Hazley, as an employee with UPS, regarding promotion, seniority, and discrimination.

### 65.

Pursuant to said agreement, the seniority list does not distinguish between Hub Centers but is a comprehensive list for promotion pursposes.

### 66.

Upon information and belief, said agreement was executed by all parties and was presented as a binding agreement to Hazley.

67.

UPS recognizes the Hazley's right to have representation by steward or union representative as stated on p. 170 of Agreements.

68.

UPS agreed that upon Hazley's request for a steward one shall be present whenever grievances are discussed with Hazley as stated on p. 171 of Agreements.

69.

Promotion within UPS shall be based on seniority and the seniority list shall be posted as stated on page 171 and 172 of the Agreements.

70.

UPS has agreed to have a nondiscriminatory environment for Hazley to work in and that is shall not discriminate against Hazley or any other employee based upon race/national origin/sex or other enumerated immutable characteristics as stated on p. 119 of Agreements.

71.

UPS has breached all of the stated agreements as enumerated above in paragraphs 62-70.

72.

Said breach of contract has damaged Hazley and entitled her to relief.

73.

UPS has willfully and maliciously violated its agreement with Hazley and has caused her to suffer damages and Hazley continues to suffer damages.

74.

Hazley had to retain counsel at a reasonable fee to bring this suit.

75.

All conditions precedent have been met, including following all EEOC requirements.  See Exhibit A attached.

## Sixth Cause of Action

## Negligent Hiring, Retention and Supervision

## Violation of O.C.G.A. §34-7-20

76.

Hazley hereby incorporates and realleges each and every allegation in paragraphs 1 through 75, inclusive, as if fully set forth herein.

77.

Hazley complained multiple times in relation to the disparate treatment she was receiving from her supervisors, including but not limited to Jeremy Tatum and Beth Cutter.

78.

Defendant violated its duty as Hazley's employer to provide a safe workplace, to take reasonable steps to determine the fitness of Hazley's supervisors and to

reasonably supervise the supervisors, inter alia, failing to take appropriate disciplinary or other action in response to Hazley's repeated verbal and written complaints of disparate treatment and discrimination on the basis of race/color.

79.

Defendant had actual knowledge of Hazley's repeated written and verbal complaints regarding her supervisors.

80.

Defendant should have known that Tatum and Cutter were not suited for a supervisory position.

81.

Defendant knew or should have known of Tatum and Cutter's tendencies to not promote African-Americans since under Tatum all African-American persons attempting to become cover drivers were disqualified.

82.

Defendant knew or should have known of Tatum and Cutter's tendencies toward incompetency that promote harassment and discrimination in the work place based on Hazley's numerous complaints regarding disparate treatment and consistent failure to promote by management.

83.

As a direct and proximate result of Defendant's breach of duty to supervise its management, Hazley has been injured and has incurred damages thereby.

84.

Defendant continues to retaliate against Hazely by only allowing her to drive Drop Box routes instead of promoting her as required by her seniority status.

85.

By driving Drop Box routes and failing to promote, not only has Hazely been deprived of promotion but compensation she is entitled to as a result.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enter judgment in her favor and against Defendant, containing the following relief:

A.

A declaratory judgment that the actions, conduct and practices of Defendant complained of herein violate the laws of the United States and the State of Georgia;

B.

An injunction and order permanently restraining Defendant from engaging in such unlawful conduct;

C.

An order directing Defendant to place Hazley in the position she would have occupied but for Defendant's discriminatory and harassing treatment and otherwise unlawful conduct, as well as to take such affirmative action as is necessary to

ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect her employment;

D.

An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Hazley for all monetary and/or economic harm;

E.

An award of damages to be determined at trial, plus prejudgment interest, to compensate Hazley for harm to her professional and personal reputations and loss of career fulfillment;

F.

An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Hazley for all non-monetary and/or compensatory harm, including but not limited to, compensation for her mental anguish, humiliation, embarrassment, stress and anxiety, emotional pain and suffering  and emotional distress;

G.

An award of damages for any and all other monetary and/or non-monetary losses suffered by Hazley in an amount to be determined at trial, plus pre-judgment interest;

H.

An award of punitive damages;

I.

An award of costs that Hazley has incurred in this action, as well as Hazley's reasonable attorneys' fees to the fullest extent permitted by law; and

J.

Such other relief deemed just and proper.

**JURY DEMAND**

HAZLEY hereby demands a trial by jury on all issues of fact and damages stated herein.

Dated this 18th day of September, 2013.

Respectfully submitted by,

/s/ Esther Panitch
Esther Panitch
Georgia Bar No.: 143197
Attorney for Plaintiff Hazley

The Panitch Law Group, P.C.
1867 Independence Square, Suite 105
Atlanta, GA 30338
(P) 770-559-1649
(F) 678-865-8106
esther@panitchlawgroup.com

2013-07-29 12:07 Wells Fargo Bank, NA          7706504368 >>                    P 27/28

EEOC Form 161-B (11/09)          **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| | |
|---|---|
| To:   Tamara L. Hazley<br>151 Oak Street<br>Roswell, GA 30075 | From:   Atlanta District Office<br>100 Alabama Street, S.W.<br>Suite 4R30<br>Atlanta, GA 30303 |

☐   *On behalf of person(s) aggrieved whose identity is*
   *CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 410-2012-05488 | Ananda L. Harris,<br>Investigator | (404) 562-6849 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X]   More than 180 days have passed since the filing of this charge.

☐   Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X]   The EEOC is terminating its processing of this charge.

☐   The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

☐   The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐   The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*R. Strouse (for)*                                                JUN 25 2013
_____                            _____
**Bernice Williams-Kimbrough,**                              *(Date Mailed)*
**District Director**

Enclosures(s)

cc:     Kim Fogerty
       Alston & Bird LLP
       One Atlantic Center
       1201 West Peachtree Street
       Atlanta, GA 30309-8439

**PLAINTIFF'S
EXHIBIT

A**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHEN DISTRICT OF GEORGIA
ATLANTA DIVISION

TAMARA L. HAZLEY,      )
      Plaintiff          )
                        )        CIVIL ACTION FILE
v.                     )        NO.:
                        )
                        )
UNITED PARCEL SERVICE, INC.,   )
                        )
      Defendant.     )

## **V E R I F I C A T I O N**

PERSONALLY APPEARED BEFORE ME, the undersigned attesting officer, duly qualified to administer oaths, TAMARA HAZLEY, who, after being duly sworn, deposes and states under oath that the information supplied in the foregoing "VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL" is true and correct to the best of her knowledge.

This 18 day of September , 2013.



_____
TAMARA HAZLEY

Sworn to and subscribed before me
this 18 day of Sept. , 2013.

_____
NOTARY PUBLIC

R. NEWBILL
NOTARY
EXPIRES
GEORGIA
MARCH 11, 2017
PUBLIC
DEKALB COUNTY